UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KATIE M. KONONEN, | Case No. 6:21-cv-00179-MK |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| vs. | |
| CITY OF SALEM HOUSING AUTHORITY, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

*Pro se* Plaintiff Katie M. Kononen ("Plaintiff") filed this action against the City of Salem Housing Authority ("Defendant"). Compl., ECF No. 1. While Plaintiff's Complaint raises various allegations, the Court construes the Complaint to allege the following claims: violations of the Fair Housing Act ("FHA"); Title II of the Americans with Disabilities Act ("ADA"); and Section 504 of the Rehabilitation Act of 1973 ("Section 504"); as well as a state law claim for slander. *Id.* Defendant moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Def.'s

Mot. Dismiss, ECF No. 16 ("Def.'s Mot."). For the reasons that follow, Defendant's motion should be GRANTED.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true for the purpose of the pending motion. Plaintiff submitted a request to Defendant to have an additional dog in her home as a reasonable accommodation for her disability. Compl. 4, ECF No. 1. Defendant denied her request "[f]or years." *Id.* Plaintiff also heard "from a family friend" that Defendant approved her reasonable accommodation request, but Plaintiff did not hear this directly from Defendant. *Id.* In addition, Plaintiff also alleges that Defendant "slandered" her in 2010. *Id.* Plaintiff cites as the basis for federal question jurisdiction "Fair Housing Act 504 and 440. Other Civil Rights 360 other personal injury." *Id.*

Plaintiff also submitted various documents to the Court in which she alleges many additional facts. In her response to Defendant's motion, Plaintiff alleges that Defendant "discriminat[ed] [against her] and [her] family due to [their] Native American race and learning disabilities." Pl.'s Resp. 1, ECF No. 21-1. When Plaintiff submitted maintenance requests, Defendant "either refuse[d] to take any action or [took] a very long time." *Id.* In another document submitted to the Court, Plaintiff alleges that Defendant is "always treating [her] different [than] other tenants" and also alleges that Defendant is "being discriminat[ory] toward [her] family and [her] because of [their] ethnicity and disability." Pl.'s Letter 2, ECF No. 18; *see also* Compl., Ex. 1, ECF No. 1-1 (Plaintiff noting Defendant's employee responds to other tenants' requests but not hers and perceiving such conduct as "unequal treatment"). Significantly, these facts do not appear in the Complaint and are contained only in the other documents Plaintiff submitted to the Court.

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

**DISCUSSION**

**I.   Motion to Dismiss**

    **A.   Discrimination Claim**

        1.   <u>Disability</u>

Plaintiff alleges that Defendant denied her request for a reasonable accommodation. Compl. 4, ECF No. 1. Defendant argues that Plaintiff fails to articulate sufficient facts or a legal theory to support a claim. Def.'s Mot. 4–5.

To establish a prima facie case under the Fair Housing Act ("FHA"), a plaintiff "must demonstrate that (1) he suffers from a handicap as defined by the [FHA]; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (quoting *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997)).

To establish a prima facie case that a public program violates Title II of the Americans with Disabilities Act ("ADA"), a plaintiff "must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Weinrich v. L.A. Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (internal quotations, citation, and emphasis omitted).

To establish a prima facie under Section 504 of the Rehabilitation Act, a plaintiff "must show: (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Id.* (internal quotations, citation, and emphasis omitted).

Here, Plaintiff has not alleged facts sufficient to establish a prima facie case for discrimination on the basis of her disability. Plaintiff's allegations in the Complaint seem to contradict each other. While Plaintiff alleges Defendant denied her a reasonable accommodation request, Plaintiff also alleges that Defendant approved her request but did not notify her directly.

Compl. 4. ECF No. 1. As such, the Complaint fails to contain sufficient allegations of underlying facts to give fair notice and to enable Defendant to defend itself effectively against Plaintiff's discrimination claims under the FHA, ADA, and Section 504. *See Starr*, 652 F.3d at 1216.

      2.      <u>Race</u>

Plaintiff appears to allege discrimination based on her "Native American race." Pl.'s Resp. 1, ECF No. 21-1. This allegation is not properly before the Court because Plaintiff did not include this claim in her Complaint. Even if the claim were properly in the Complaint, however, it would still be subject to dismissal.

Under the FHA, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "To establish a prima facie claim of disparate treatment based on race, a plaintiff must show that: (1) she is a member of a protected class; (2) she was denied a rental relationship or otherwise was treated differently in the terms, conditions, or privileges of her rental relationship or in the provision of services or facilities to her as a tenant; and (3) the different treatment was, at least in part, because of her race." *Owens v. Latitude Properties, Inc.*, 3:19-cv-1404-JR, 2021 WL 1214519, at *7 (D. Or. Jan. 20, 2021), *adopted*, 2021 WL 1206575 (D. Or. Mar. 28, 2021).

Here, Plaintiff has failed to adequately allege facts that give rise to a disparate treatment claim based on race. First, Plaintiff alleges no facts about her race in the Complaint. Second, while Plaintiff alleges Defendant discriminated against her based on her race in various other documents submitted to the Court, Plaintiff fails to allege facts sufficient to support a prima facie claim of disparate treatment based on race. This is because Plaintiff has failed to sufficiently

identify any benefits she was denied and any facts that support that such a denial was motivated based on her race. Since Plaintiff has not done so, Defendant's motion should be granted as to Plaintiff's race discrimination claim.

### B.  Slander Claim

Plaintiff alleges that Defendant "slandered" her in 2010. Compl. 4, ECF No. 1. Defendant argues that Plaintiff's slander claim is time-barred. Def.'s Mot. 3. The Court agrees with Defendant. In Oregon, "[a]n action for libel or slander shall be commenced within one year." ORS § 12.120. Plaintiff's claim is therefore time-barred under ORS § 12.120. As such, Defendant's motion should be granted as to Plaintiff's slander claim.

### C.  Dismissal

Defendant asks the Court to dismiss Plaintiff's Complaint with prejudice. Def.'s Mot. 4. *Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the *pro se* litigant regarding deficiencies in the complaint and grants leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1136–37 (9th Cir. 1987). A *pro se* plaintiff's claims may be dismissed with prejudice only where it appears beyond doubt the plaintiff can prove no set of facts that would entitle that plaintiff to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008). However, where amendment would be futile, it is appropriate to dismiss the claim with prejudice. *See Universal Mortg. Co., Inc. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) ("Although leave to amend shall be freely given when justice so requires, it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." (citation and internal quotations omitted)).

Here, the Court cannot say that amendment would be futile as to Plaintiff's claims. By amending her complaint, Plaintiff may be able to allege facts that would entitle her to relief. However, while the Court is mindful that Plaintiff is a self-represented litigant, the Court needs additional facts to evaluate the sufficiency of Plaintiff's discrimination claims. In addition, Plaintiff has failed to identify any exception to Defendant's statute of limitations defense. Plaintiff should be granted leave to amend her complaint to plead an exception, if any, to Defendant's statute of limitations defense.  As such, Defendant's motion should be granted and Plaintiff's claims should be dismissed without prejudice. Plaintiff should be granted leave to amend her complaint within 60 days from the date of an Order.

## II.     Motion for Appointment of Counsel

Plaintiff submitted a request for appointment of counsel. *See* Pl.'s Mot. Appointment Counsel, ECF No. 15. Plaintiff's request is granted. However, the Court cannot guarantee that it will be able to secure counsel for Plaintiff. Accordingly, Plaintiff should plan to file an amended complaint within 60 days from the date of an Order even if the Court is not able to appoint counsel for Plaintiff.

## RECOMMENDATION

For the reasons above, Defendant's motion to dismiss (ECF No. 16) should be GRANTED and Plaintiff's claims should be dismissed without prejudice. Plaintiff should be granted leave to amend her complaint within 60 days from the date of an Order. In addition, Plaintiff's motion for appointment of counsel (ECF No. 15) is GRANTED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 1st day of November 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
